IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36583-2-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| BRANDON ANTONIO SCALISE, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Brandon Scalise appeals his convictions for possession of a stolen

motor vehicle and possession of stolen property in the second degree. He contends his

trial counsel performed ineffectively when failing to raise certain arguments in support of

a motion to suppress evidence. We reject the contention of ineffective assistance of

counsel and affirm his convictions.

FACTS

Brandon Scalise had a history of stealing motorcycles and cars. In October 2017,

an informant told Spokane Regional Auto Theft Task Force (SRATTF) Detective Steve

White that Scalise was now stealing all-terrain vehicles (ATVs) and that Scalise

possessed a stolen Can-Am four wheeler. The source said that officers could locate

Scalise at property belonging to Benjamin Hoover on Hesseltine Road in Stevens County. The informant also said that a stolen Chevy Cruze was inside a shop on the property.

On December 12, 2017, Detective Steve White and Stevens County sheriff deputies searched the Hesseltine Road property. Law enforcement located the Chevy Cruze. Officers also saw an ATV that could not be identified because the vehicle identification number (VIN) had been removed. Officers arrested Benjamin Hoover.

SRATTF Detective Steve White and Stevens County Detective Travis Frizzell interviewed Hoover. Hoover said a man named Robin Hood brought the ATV with the missing VIN to his property. Hoover added that the same man brought a generator to the property, which law enforcement earlier seized and determined to be stolen. Hoover explained that Mr. Hood lived in a camp trailer on the property, although he advised the detectives that law enforcement may have already taken the trailer.

Detective Steve White and Detective Travis Frizzell then spoke with Jake Wilson, who was on the Hesseltine Road property. Wilson mentioned a man named Brandon, who he and others called Robin Hood, as being the one who brought the trailer to the land. Wilson added that Mr. Hood drove a gray Ford F-150.

On January 15, 2018, someone stole a snowmobile from the Joe Harris property in Stevens County. Unidentified individuals suspected Brandon Scalise as the thief.

By January 2018, there was an outstanding Department of Corrections arrest warrant and a Pend Oreille County arrest warrant for Brandon Scalise. Detectives Steve White and Travis Frizzell determined to locate Scalise.

On January 18, 2018, SRATTF Detective Steve White and Stevens County Detective Travis Frizzell traveled on Garden Spot Road, outside Loon Lake. They observed a gray Chevrolet pickup traveling an icy driveway off the road. The driver was a male with short hair. Detective Travis Frizzell slowed the car in order to read the pickup's license plate. The officers determined that the vehicle was the pickup described to be owned by Brandon Scalise and the driver matched the description of Scalise. The detectives followed the pickup. The pickup disappeared from view, but reappeared as the detectives rounded a corner of the driveway. The officers also saw a camp trailer and a red and black Can-Am ATV parked nearby. The pickup was parked next to the trailer.

Detectives Steve White and Travis Frizzell exited their patrol car. Travis Frizzell knocked at the rear door of the camp trailer. Frizzell heard people inside. Detective Frizzell knocked a second time. He saw a curtain move in a window next to the door where he knocked. After knocking a third time, a female holding an infant daughter opened the trailer's front door.

Detective Steve White recognized the female as Stacy Scalise, Brandon's wife. White called Stacy by her name. White asked where Brandon had gone, and Stacy replied: "he ran up the hill." Clerk's Papers (CP) at 68. Due to Brandon Scalise's history of evading law enforcement, Detective White requested assistance from the United States Customs and Border Protection Spokane Air Interdiction Unit, and a helicopter flew to the area.

Detective Travis Frizzell told Stacy Scalise that Brandon had felony warrants issued for his arrest. Frizzell informed Stacy that he needed to enter the camp trailer to be sure nobody was inside.

In his report, Detective Travis Frizzell wrote that he then approached the front door of the camp trailer, opened the door to the trailer, and announced: "Sheriff's Office." CP at 69. Detective Frizzell also yelled that Brandon Scalise had felony warrants issued for his arrest. Frizzell entered the trailer. Detective Steve White again asked Stacy Scalise where Brandon was, and she admitted that he was inside the trailer. Detective Travis Frizzell found Brandon Scalise in the trailer. Detective Frizzell again announced, "Sheriff's Office" and told Scalise to show his hands. CP at 69. Detective Steve White went into the camper to assist Frizzell, who held Scalise at gunpoint. Frizzell handcuffed Scalise and frisked him. Detectives Frizzell and White escorted Brandon Scalise to

Frizzell's patrol vehicle, where Frizzell searched Scalise's clothes and took a used, capped syringe from the left side leg pocket. White took a photograph of the red and black 2010 Can-Am ATV on the property.

While present at the Garden Spot Road property, Detective Steve White, from his route to and from his car and the camp trailer, saw a Honda generator near the trailer. White read the serial number to the generator as EZCR1039753. Detective White called Pape Machinery in Spokane County and asked employee Tyler McCoury to run the serial number from the generator. McCoury discovered that, in 1996, the generator was sold to William Pancake. McCoury told White that Pancake bought the generator.

Detective Travis Frizzell called Bonner County Sheriff Deputy Mike Gagnon to ask about the red and black 2010 Can-Am ATV. Deputy Gagnon said that the Can-Am ATV had been stolen from William Pancake. The Bonner County Sheriff's Office e-mailed the burglary report to Detective Frizzell. In the report, prepared in September 2017, Pancake reported that three of his Can-Am ATV's were stolen. In addition, a motorcycle and two battery chargers were taken. Gagnon's report gave the serial numbers for all the stolen ATVs, including a Red 2010 Can-Am, a Gray 2012 Can-Am, and a Yellow 2013 Can-Am. Detective Frizzell confirmed that the Red Can-Am was still listed as stolen.

5

Later on January 18, Detective Steve White spoke by phone with William Pancake. Pancake told White he had a number of other items stolen including a Honda generator.

Detective Steve White next obtained a search warrant from Spokane County Superior Court. The warrant was based on alleged possession of a stolen vehicle, possession of stolen property, and possession of a controlled substance. After obtaining the search warrant, the detectives searched the property and took photos of the scene. The search included the camp trailer, an adjacent tent structure, and the Chevrolet pickup. The detectives confirmed that the Honda generator sitting adjacent to the camper was stolen. The red and black Can-Am ATV was also confirmed as stolen.

During the search, detectives discovered, in the pickup Brandon Scalise drove, a small container with a substance later determined to be methamphetamine. In the trailer, the detectives found a backpack containing containers of used syringes, plastic bags, a tin containing a zip lock bag with white residue consistent with methamphetamine, a spoon with brown residue consistent with heroin, a small cotton filter stuck to the residue, and a key ring containing five keys, one key of which appeared to be for an ATV.

PROCEDURE

The State of Washington charged Brandon Scalise with possession of a stolen motor vehicle, possession of stolen property second degree, and possession of

methamphetamine.  Brandon Scalise filed a motion to suppress.  Scalise argued that the search of the Garden Spot Road property where Brandon Scalise's camper was placed was unlawful.  He asked the trial court to suppress all evidence during the search and dismiss all charges against him.  Scalise contended that the Department of Corrections' arrest warrant did not give detectives the authority to enter the property because the detectives had no knowledge that he resided on the property.  The real property belonged to the Leliefeld family, not to Scalise.  In addition, according to Scalise, no emergent circumstances excused the officers' entry on the property.  The detectives could have easily procured a search warrant.

The superior court denied the motion to suppress.  The trial court emphasized that Detectives Steve White and Travis Frizzell knew of arrest warrants for Brandon Scalise at the time they approached the trailer.  Both believed the driver to look like Brandon Scalise.  Stacy Scalise's exit from the trailer confirmed the detectives' suspicion that Brandon lived in the camper.

A jury convicted Brandon Scalise on all three charges.

LAW AND ANALYSIS

On appeal, Brandon Scalise claims he received ineffective assistance of counsel below because his defense counsel failed to present the correct ground for suppressing

evidence. Counsel only argued that the officers lacked authority to arrest on the basis of

the Department of Corrections warrant and should have argued the knock and announce

rule. The issue is whether counsel performed ineffectively to the prejudice of Scalise

when failing to argue that Detective Travis Frizzell violated the knock and announce rule

such that law enforcement conducted an unlawful search.

A claim of ineffective assistance of counsel presents a mixed question of fact and

law reviewed de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). To

establish ineffective assistance of counsel, Brandon Scalise must carry his burden to show

evidence in the record sufficient to satisfy a two-pronged inquiry: (1) defense counsel's

representation was deficient, and (2) defense counsel's deficient representation

prejudiced him. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995).

We apply a strong presumption that defense counsel gave effective representation. *State

v. McFarland*, 127 Wn.2d at 335.

The subissue is whether Brandon Scalise's trial counsel performed ineffectively

when failing to argue that Detective Travis Frizzell's conduct violated the knock and

announce rule. Nevertheless, in support of his theory, Scalise cites only RCW 10.31.030,

when the knock and announce rule is found in RCW 10.31.040. RCW 10.31.040 reads:

> To make an arrest in criminal actions, the officer may break open any
> outer or inner door, or windows of a dwelling house or other building, or

8

any other inclosure, if, after notice of his or her office and purpose, he or she be refused admittance.

Washington State law applies the knock and announce rule to situations when an officer enters a home or other structure without permission.  *State v. Richards*, 136 Wn.2d 361, 369, 962 P.2d 118 (1998).  To comply with RCW 10.31.040 and its purpose, an officer must meet five requirements:

(1)     Announce his or her identity,
(2)     Announce his or her purpose,
(3)     Demand admittance,
(4)     Announce the purpose of his or her demand, and
(5)     Be explicitly or impliedly denied admittance.

*State v. Richards*, 136 Wn.2d at 370.

Brandon Scalise provides no argument on appeal that the officers failed to comply with the requirements of RCW 10.31.040.  He, therefore, fails to demonstrate a basis for a claim of ineffective assistance of counsel.

In the argument section of his brief, Brandon Scalise contends that Detective Steve White did not follow RCW 10.31.030, a statute requiring a law enforcement officer to show the arrest warrant to the accused or inform the accused about the warrant. Since Scalise did not assign error to his trial counsel's failure to raise the requirements of this additional statute, we do not review the contention.  We review only issues raised in the assignments of error.  *Weyerhaeuser Co. v. Commercial Union Insurance Co.*, 142

Wn.2d 654, 693, 15 P.3d 115 (2000).  In addition, during oral argument, Brandon Scalise

conceded he is not challenging the entry into the trailer and his arrest.  Wash. Court of

Appeals oral argument, *State v. Scalise*, No. 36583-2-III (Mar. 10, 2020) at 2:40 to 4:20

(on file with court).

The next subissue is whether Brandon Scalise's trial counsel engaged in

ineffective assistance of counsel when failing to argue that Detective Steve White

violated the Fourth Amendment to the United States Constitution when copying the serial

number of the generator.  Scalise argues that neither the open view nor plain view

doctrine excused White from obtaining a search warrant before copying the number.

According to Scalise, because law enforcement included facts about the stolen Honda

generator when applying for the search warrant, the warrant is invalid.  The State

responds that writing down a clearly visible serial number constituted neither a search nor

a seizure as the officers were entitled to walk to the door of the Scalise trailer.

The Fourth Amendment and article I, section 7 of the Washington State

Constitution protect a person from unreasonable searches and seizures.  The Washington

State Constitution provides that, "No person shall be disturbed in his private affairs, or his

home invaded, without authority of law."  WASH. CONST. art. I, § 7.  To determine if a

search occurred, this court looks to whether there has been an unreasonable intrusion by

the State into a person's home or personal affairs. *State v. Young*, 123 Wn.2d 173, 181, 867 P.2d 593 (1994). As a general rule, searches and seizures done by the State without a warrant are per se unreasonable. *State v. Duncan*, 146 Wn.2d 166, 171, 43 P.3d 513 (2002). Nevertheless, Washington courts have carved out exceptions to this general requirement when justified by public interest. *State v. Duncan*, 146 Wn.2d at 171. Two of these exceptions include the plain view doctrine and the open view doctrine. *State v. Gibson*, 152 Wn. App. 945, 954, 219 P.3d 964 (2009).

The open view doctrine and plain view doctrine are "visually similar, but legally distinct." *State v. Seagull*, 95 Wn.2d 898, 901, 632 P.2d 44 (1981). The open view doctrine addresses at what point an officer may survey, without a warrant, a person's home without trampling on that person's right to privacy. *State v. Young*, 123 Wn.2d 173, 182 (1994). Under this doctrine, an officer, who approaches a residence in connection with an investigation from a common access route, does not violate the resident's reasonable expectation of privacy." *State v. Myers*, 117 Wn.2d 332, 344, 815 P.2d 761 (1991). When an officer sees with his or her own senses an object that any passerby could see, the person has no reasonable expectation of privacy. *State v. Myers*, 117 Wn.2d at 345. Therefore, the officer does not engage in a search if the officer

observes an object with the unaided eye from a nonintrusive vantage point. *State v.*

*Young*, 123 Wn.2d at 182.

The plain view doctrine applies in situations when law enforcement officers pass

the point of intrusion such that they are invading a person's private affairs or home, but

have prior justification to do so. *State v. Myers*, 117 Wn.2d at 346. This doctrine is

applicable when the officers then inadvertently discover the incriminating evidence and

immediately recognize the item as contraband. *State v. Myers*, 117 Wn.2d at 346.

Similar to the open view doctrine, recording serial numbers that are in plain view does not

constitute a search or seizure. *State v. Haggard*, 9 Wn. App. 2d 98, 113, 442 P.3d 628

(2019), *aff'd*, No. 97375-0 (Wash. Apr. 23, 2020),

http://www.courts.wa.gov/opinions/pdf/973750.pdf.

Brandon Scalise relies on *State v. Murray*, 84 Wn.2d 527, 527 P.2d 1303 (1974).

A jury convicted John Murray and Linda Simpson of larceny for knowingly possessing a

stolen Sony television set. Law enforcement officers found the television set after

obtaining consent from Simpson to search her apartment, but only for office and video

equipment, such as typewriters, calculators, believed stolen. The officers conducted a

search, and, as they exited the apartment, one of them tipped a Sony television set in order

to write down a serial number. The officer ran the number and discovered the set had

been stolen. At a pretrial suppression hearing, the trial court held the television set to be admissible. On appeal, this court reversed the conviction and ruled that the Sony television set must be suppressed because the plain view exception to warrantless searches did not apply. The Washington Supreme Court granted review and affirmed. The court agreed that the plain view doctrine did not apply as the officers did not have immediate knowledge that the Sony television constituted incriminating evidence. Rather, they moved the television to discover the serial number.

Brandon Scalise relies in part on *State v. Murray* to contend that, under either plain view or open view, an officer must immediately recognize the object in question to be contraband. Therefore, writing down a serial number without recognition that the item is stolen constitutes a search. The State responds that Scalise misapprehends *Murray* as explained in *State v. King*, 89 Wn. App. 612, 949 P.2d 856 (1998). In *King*, Karl King argued that the *Murray* court held that copying down a serial number constituted an unlawful seizure. This court disagreed. This court reasoned that, in *Murray*, the court held that moving the television to view the serial number was a search and seizure. If a serial number is in plain view and observed by an officer, no constitutional justification is required except to show that the officer saw the number from a place that he or she had a lawful right to be.

On appeal, Brandon Scalise contends that Detective Steve White diverted from the common access route to the camp trailer when he saw the generator. He further argues that Detective White wiped snow or dirt from the generator in order to read the number and that photographs confirm that the area of the numbers was wiped. The facts do not support Scalise's factual allegations. The record does not include any evidence that White diverted from the normal path. The photos in the record on review are not detailed sufficiently to determine any wiping. Regardless, no evidence supports that any wiping was done by law enforcement.

This court will not review a constitutional argument on appeal when the facts below were not developed sufficiently for such a review. *State v. McFarland*, 127 Wn.2d at 333 (1995). Brandon Scalise has the burden of showing deficient performance, and he cannot do so because he does not present facts that Detective Steve White diverted from the common access route or manipulated the generator to read the serial number. Therefore, we reject his contention of ineffective assistance of counsel.

Statement of Additional Grounds for Review

Brandon Scalise makes three arguments in his statement of additional grounds for review. First, Brandon Scalise, for the first time on appeal, contends that filed down keys and tools entered into evidence were not relevant to the stealing of the Can-Am.

14

To warrant review, Brandon Scalise must demonstrate that the alleged error is manifest and affects a constitutional right or that he preserved the issue for review by this court. RAP 2.5(a)(3). Scalise does not contend that this issue affects a constitutional right that would permit him to raise it for the first time on appeal.

Next, Brandon Scalise challenges the trial court's finding of fact 6 entered after his motion to suppress. The trial court stated:

> About the time the woman was giving consent to search the trailer to Detective White, Detective Frizzell made entry into the trailer and found the Defendant inside.

CP at 240. Scalise contends that this finding is incorrect as it was not until Detective Travis Frizzell entered the camper that Stacy Scalise admitted Scalise was in the trailer. Nevertheless, the detectives' statements do not contradict this finding.

Finally, Brandon Scalise states that the detectives did not observe the driver of the truck. Nevertheless, both reports prepared by the detectives regarding the incident read to the contrary. Scalise also disputes that his pickup matched the description given by others or that Detective Travis Frizzell knew Stacy to be his wife. The evidence contradicts Scalise's contentions.

## CONCLUSIONS

We reject Brandon Scalise's contention that his trial counsel engaged in

No. 36583-2-III
*State v. Scalise*

ineffective assistance of counsel when forwarding the motion to suppress. We affirm

Scalise's convictions for possessing a stolen vehicle and other property.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Korsmo, A.C.J.

_____
Siddoway, J.